UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ANGELA LITMON,

                     Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-05043-FB

*Appearances:*
*For the Plaintiff:*
HAROLD SKOVRONSKY
Attorney for Plaintiff
1810 Avenue N
Brooklyn, NY 11230

*For the Defendant:*
BREON PEACE
Acting United States Attorney
Eastern District of New York
By: SOPHIE DOROBA
Special Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Angela Litmon ("Litmon") seeks review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability benefits. Both parties move for judgment on the pleadings. For the following reasons, Litmon's motion is granted, the Commissioner's is denied, and this case is remanded for further administrative proceedings.

1

I.

Litmon applied for disability benefits on May 22, 2017, claiming an April 28, 2016 disability onset date. Her application was denied. She requested a hearing, which took place before Administrative Law Judge Seth I. Grossman ("the ALJ") on February 27, 2019. The Administration's medical expert, John Kwock, M.D,. and vocational expert, Steven Feinstein, testified. The record contains Litmon's medical records from March 2017 to early 2018 from her treating physicians at Brooklyn Premier Orthopedic Group. The record also contains reports from SSA consulting experts, Olga Yevsikova, M.D., Chaim Shtock, D.O., and Robert Greene, M.D., who examined Litmon between October 2017 and January 2019.

The ALJ issued an unfavorable decision on January 10, 2020. Although he determined that Litmon suffered from several "severe impairments," including "[a] right shoulder impairment, lumbar and cervical spine disorders, and a history of systemic *lupus erythematosus*," A.R. 12, the ALJ found that Litmon did not have an impairment of medical equivalence to the severity of a listed impairment. Moreover, the ALJ determined that Litmon had the residual functional capacity ("RFC") to perform "less than the full range of light work . . . sit 6 hours . . . stand/walk 4 hours; with occasional postural, but no crawling; and . . . lift/carry 10 pounds frequently." A.R. 13. The ALJ stated that Litmon "does not need a cane in an office/work setting . . . [she] is more limited based upon the record of consistent subjective pain

2

complaints, and upon the examinations which show mildly reduced strength." A.R. 19.

Based on this assessment, the ALJ concluded that Litmon could perform such jobs as office helper and sewing machine operator and that Litmon was therefore not disabled. The Social Security Appeals Council declined to hear Litmon's appeal, and the ALJ's decision became final. This action followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Litmon argues that the ALJ improperly relied on the opinion and medical testimony from Dr. Kwock, who never examined, observed, or spoke to Litmon.

The treating physician rule is not applied to cases filed on or after March 27, 2017. 20 C.F.R. § 404.1520c. Instead, adjudicators must now "consider" the "persuasiveness" of opinions from all medical sources. *Id.* § 1520c(a). To do so,

3

adjudicators must apply five factors to an opinion: (1) supportability; (2) consistency; (3) a medical source's relationship with the claimant; (4) a medical source's specialization; and (5) other factors such as "evidence showing a medical source has familiarity with the other evidence in the claim." *Id.* § 404.1520c. Supportability and consistency are the most important factors. *Id.* § 1520c(a). In their finding, ALJs must articulate their consideration of the factors, including the persuasiveness of each source. *Id.* Misapplication of the five factors and, therefore, misapplication of this rule, is legal error for which a primary remedy is remand. *See generally Thomas v. Saul*, No. 1:20-cv-4236, 2021 WL 4592412 (E.D.N.Y. Oct. 6, 2021).

Here, the ALJ erred in finding that Dr. Kwock's opinion was "partially supported and persuasive,"—a determination inconsistent with, and unsupported by, medical evidence. A.R. 18; *see Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 355 (E.D.N.Y. 2010) (finding that because the ALJ made a determination inconsistent with and unsupported by medical evidence, remand was appropriate). Though Dr. Kwock found that Litmon did not need her cane, at least three other examining doctors found otherwise. Dr. Yevsikova, Dr. Greene, and Dr. Shtock all found Litmon medically dependent on a walking cane. Dr. Kwock also found that Litmon could perform light work, despite findings of "moderate" and "marked" limitations from doctors who actually examined Litmon. Dr. Yevsikova found that

4

Litmon had multiple "moderate limitation[s]" and "might have marked disruptions due to condition exacerbation [of her lupus diagnosis]." A.R. 362. Dr. Greene and Dr. Shtock found that Litmon had "moderate to marked limitation[s]." A.R. 368, 382.

Still, the Commissioner argues that Dr. Kwock's opinion was not inconsistent with those of the other doctors because the other doctors' opinions "reflect the point in time in which they were written" as well as "the writer[s'] personal experience and training." Government Brief 15. This is not persuasive. Invariably all doctors' opinions reflect the writers' experience and the time in which they were written—including Dr. Kwock's opinion. As such, to apply the Commissioner's logic only to Litmon's examining doctors would be erroneous.

Additionally, of the three lesser factors, at least one of these—relationship with the claimant— is not met when considering Dr. Kwock's opinion given that Dr. Kwock never even met Litmon.

Since the ALJ misapplied at least two of the five persuasiveness factors, this Court finds that the ALJ's determination with regards to Dr. Kwock was legal error. And because the ALJ might have found Litmon incapable of performing modified light work if he had afforded less persuasiveness to Dr. Kwock's opinion or more persuasiveness to the examining physicians, Litmon is entitled to remand.

5

Upon remand, the ALJ is reminded that is it improper to cherry-pick medical evidence to support his conclusion or to substitute his own interpretation of the medical records for the conclusions of the medical experts. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'"); *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (internal citation omitted).

## CONCLUSION

Litmon's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**SO ORDERED.**

/S/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 12, 2022